UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RADHA GEISMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1185 CDP |
| | ) | |
| AMERICAN ECONOMY | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This declaratory judgment action is brought by Radha Geismann against

Contexo Media, LLC and American Economy Insurance Company ("AEIC").  She

seeks a declaration that AEIC's insurance policies cover claims she has brought in

state court against defendant Contexo.  Contexo is the insured under the AEIC

policies at issue, and AEIC is defending Geismann's state suit against Contexo

under a reservation of rights.  AEIC removed this case on diversity grounds, and

there is no dispute that complete diversity exists.  But Contexo did not join in the

removal and so Geismann seeks remand.  AEIC argues that Contexo did not need

to consent, either because it is a nominal party, or because it should be realigned

as a plaintiff.  I conclude that under the Eighth Circuit's standard, Contexo has a

substantial interest in this declaratory judgment action and is not a nominal party.

Because an actual and substantial conflict exists between Geismann and Contexo

it should not be realigned as a plaintiff.  Thus its consent to removal was required
and without it the case is not removable.  I will remand this case to Missouri state
court.

## Background

In January 2008, Geismann filed a class action in Missouri state court
against Contexo for sending unsolicited faxes to her and 39 others in violation of
the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  The suit also
asserted claims for conversion and violation of the Missouri Consumer Fraud Act.
Contexo tendered the defense of the underlying suit to AEIC, and AEIC is
defending it under a full reservation of rights.

Contexo carried general liability insurance policies with AEIC, providing
liability coverage for "bodily injury" and "property damage."  The policies also
covered "personal and advertising injury" caused by an offense arising out of the
insured's business.  Geismann brought this declaratory judgment action against
both AEIC and Contexo in Missouri state court, claiming that Contexo's sending
of the unsolicited faxes constituted property damage and advertising injury
covered by the policies.

Defendant AEIC removed the case to this court on diversity grounds.[1] Although it had been properly served, Contexo did not join in or consent to the removal. Geismann therefore opposes removal. AEIC argues that Contexo is merely a nominal party or that Contexo should be realigned as a plaintiff, either of which would make Contexo's consent to the removal unnecessary.

## Discussion

Federal courts are courts of limited jurisdiction. *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. A defendant may remove an action from state court to federal district court if the action is within the court's original jurisdiction. 28 U.S.C. § 1441(b). A defendant seeking removal and opposing remand has the burden of establishing proper jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Any doubts about the propriety of removal are to be resolved in favor of remand. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

---

[1]Geismann is a resident of Missouri. Contexo is a Delaware Limited Liability Company, with its principal place of business in Salt Lake City, Utah. In the complaint, Geismann alleged that AEIC is an insurance company with its principal place of business in Missouri; however, in its notice of removal, AEIC alleges that it is in fact an Indiana corporation, with its principal place of business in Boston, Massachusetts. Geismann has not addressed this discrepancy in any later filings with the court. I will therefore assume that Geismann concedes AEIC's assertion of citizenship, and that this court has diversity jurisdiction of this case.

AEIC removed this case to federal court on diversity grounds under 28

U.S.C. § 1441.  28 U.S.C. § 1446(a) sets out the procedural requirements for

removal.  Section 1446(a) states:  "A defendant or defendants desiring to remove

any civil action ... from a State court shall file ... a notice of removal."  Although it

is not explicit in the statute, it has long been held that under the "rule of

unanimity" all served defendants must join in any removal.  *See, e.g.*, *Thorn v.*

*Amalgamated Transit Union*, 305 F.3d 826, 832 (8th Cir. 2002).  Each defendant

must join or consent within thirty days of service on that defendant.  *Marano*

*Enter. v. Z-Teca Rest., L.P.*, 254 F.3d 753, 755-57 (8th Cir. 2001).  Contexo was

served on June 6, 2011 but has not joined or consented to the removal.

AEIC argues that Contexo need not consent because it is a nominal

defendant.  Nominal defendants need not join in the petition for removal.  *Thorn*,

305 F.3d at 833.  Nominal defendants are defined as those "against whom no real

relief is sought."  *Id.*  (quoting *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156,

1161 (8th Cir. 1981)).  The nominal party defendant exception is limited "to

situations in which it is clear that the defendant is not a necessary or an

indispensable party as a matter of law, the party has nothing at stake in the

litigation, and no real, present claim for relief is being sought against the party."

*Guy v. State Farm Mut. Auto. Ins. Co.*, No. 3:10CV255, 2011 WL 1212179 at *2

(E.D. Ark. Mar. 31, 2011) (quoting *Fisher v. Dakota Cmty. Bank*, 405 F. Supp. 2d

1089, 1095 (D.N.D. 2005)); *see also Williams ex rel. McIntosh v. City of Beverly Hills, Mo.*, No. 4:07CV661, 2007 WL 2792490 at *4 (E.D. Mo. Sept. 24, 2007); *Dumas v. Patel*, 317 F. Supp. 2d 1111, 1113 n.5 (W.D. Mo. 2004) ("A nominal party has been defined as '[a] party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects.'" (quoting *Black's Law Dictionary* 1145 (7th ed. 1999))).

AEIC argues Geismann seeks no relief against Contexo in this suit since the only claim asks for a determination of AEIC's duties and obligations under the policies.  AEIC alleges that Geismann joined Contexo "merely because it is a policyholder to the Policies under which Plaintiff seeks to recover."  AEIC further argues that Contexo has nothing at stake in the suit, and does not stand to "lose or forfeit anything."

I disagree.  Contexo, as the holder of the insurance policies at issue, has a real interest and stake in the outcome of this case.  An insured party has more than a nominal interest in the outcome of a declaratory judgment action regarding the terms of its policy.  *PW Shoe Lofts, LP v. State Auto Prop. and Casualty Ins. Co.*, No. 4:10CV2241, 2011 WL 2295068 at *3 (E.D. Mo. June 7, 2011).  The fact that the suit was brought by a third party to the policies at issue does not negate Contexo's interest in the outcome.

The court reached a similar result in *Missouri United School Insurance Council v. Lexington Insurance Company*, No. 4:10CV130, 2010 WL 1254657 at *2 (E.D. Mo. Mar. 24, 2010).  In *Missouri United*, plaintiff MUSIC, an insurance company, brought a declaratory judgment action against two insurance companies and Hough, the insured.  *Id.* at *1.  MUSIC was defending Hough in an underlying suit under a reservation of rights, and claimed that the other two insurance companies were also obligated to cover Hough but failed to do so.  *Id.*  Lexington, one of the defendant insurance companies, removed the case under diversity jurisdiction, alleging that Hough had been fraudulently joined to defeat diversity.  *Id.*  The court held that "Hough's rights would certainly be affected by a declaration of the insurance companies' respective rights and obligations under the insurance agreements because there has been a denial of coverage to the insured...and MUSIC is providing a defense subject to a reservation of rights."  *Id.* at *2.

Geismann's interest in this case is essentially the same as that of the insured in *Missouri United*.  In both cases, if the plaintiff were to prevail then the insured party would be covered for the underlying suit.  If the defendants were to prevail, the insured party would be subject to the insurer's coverage under a reservation of rights.  I agree with *Missouri United* that this is sufficient to put the insured's

interests at stake in the lawsuit.  Geismann is therefore more than a nominal party in this case.

AEIC further argues that the court should realign the parties so that Contexo is listed as a plaintiff.  If Contexo were a plaintiff it would not be required to consent to the removal.  AEIC argues that this realignment reflects the parties' true interests, since Contexo would be awarded a determination of coverage under the policies if Geismann were to prevail.  In support of its position, AEIC cites the standard for party alignment as set forth by the Supreme Court in *Indianapolis v. Chase National Bank*, 314 U.S. 63, 69-70 (1941):

> It is our duty, as it is that of the lower federal courts to "look beyond the pleadings and arrange the parties according to their sides in the dispute."  Litigation is the pursuit of practical ends...It must be ascertained from the "principal purpose of the suit" and the "primary and controlling matter in dispute."

There is a circuit split regarding the correct approach to interpreting *Indianapolis*.  AEIC's argument relies on the "primary purpose test," which requires that "the parties must be realigned if there is not adversity with regard to the primary issue in dispute."  *Price v. Wolford*, 608 F.3d 698 (10th Cir. 2010) (citing *Indianapolis*, 314 U.S. at 102-49).   However, the Eight Circuit is part of a minority of circuits that apply the "actual and substantial conflict test."  *McCarthy Bldg. Co., Inc. v. RSUI Indem. Co.*, No. 4:10CV02063, 2011 WL 3847401 at *4 (E.D. Mo. Aug. 30, 2011) (citing *Universal Underwriters Ins. Co. v. Wagner*, 367

F.2d 866, 870-71 (8th Cir. 1996)).  "[I]f there is any actual and substantial conflict existing" between the parties as aligned, the court should not realign them.  *Id.* (citing *Hartford Accident and Indem. Co. v. The Doe Run Res. Corp.*, No. 4:08CV1687, 2009 WL 1067209 at *3 (E.D. Mo. Apr. 21, 2009)); *see also Mo. United*, 2010 WL 1254657 at *4-5.

AEIC argues that Contexo and it are adverse to one another with regard to the primary issue in dispute, the parties' rights and obligations under the policies. The appropriate question under the "actual and substantial conflict test," however, is whether Contexo has any actual conflict with plaintiff Geismann that may arise in the suit.  In the underlying action, Geismann is suing Contexo under the TCPA, a claim Contexo is contesting.  A determination of whether coverage exists under the policies will necessarily involve consideration of Contexo's actions and whether they violate the TCPA.  An actual conflict therefore exists sufficient to obviate realignment.  *See PW Shoe*, 2011 WL 2295068 at *3 ("a determination of whether coverage exists under the...Policy will necessarily require consideration of whether [the] defendants contributed to the damage that occurred...thus creating an actual conflict between these defendants and [Plaintiff]"); *see also*, *Mo. United*, 2010 WL 1254657 at *3 ("Just because Hough may have an interest in MUSIC and/or the other insurance companies providing coverage does not make Hough aligned with MUSIC as a plaintiff").  Therefore, I decline to realign Contexo as a

plaintiff in this action.  Since Contexo is not a nominal party and remains aligned as a defendant, it was required to consent or join in removal, and this case should be remanded.

Plaintiff has also moved, pursuant to 28 U.S.C. § 1447(c), to recover the attorneys' fees it incurred because of AEIC's improvident removal.  Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award is discretionary, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005), and granted "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.  Although defendant's arguments for nominal party status and realignment were not ultimately persuasive, they do not lack an objectively reasonable basis.  Nor does the court find any indication that defendants' pursuit of removal was in bad faith.  *See, e.g.*, *McCarthy, 2011 WL 3847401 at \*5*; *Great Am. Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 394 F. Supp. 2d 1058, 1061-62 (N.D. Iowa 2005) (denying motion for attorneys' fees and costs, where removing party's arguments were fairly supportable and there was no showing of bad faith).  Therefore I will deny plaintiff's motion for attorney's fees.  I will also deny as moot AEIC's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand and for an award of attorney's fees and costs [#16] is granted in part and denied in part.  The Clerk of Court shall remand this case to the 21st Judicial Circuit Court in St. Louis County, Missouri from which it was removed.  The request for an award of attorney's fees and costs is denied.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [#6] is denied as moot.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2011.